IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **Profectus Technology LLC,** *Plaintiff*, v. **Huawei Technologies Co., Ltd., Huawei Technologies USA Inc., Huawei Device USA Inc., Futurewei Technologies, Inc.,** *Defendants*. | Case No. 6:11-cv-474 **Jury Trial Demanded** |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Profectus Technology LLC ("Profectus") files this Original Complaint for Patent Infringement against Huawei Technologies Co., Ltd.; Huawei Technologies USA, Inc.; Huawei Device USA, Inc.; and Futurewei Technologies, Inc. (sometimes collectively referred to as the "Huawei Entities" or "Defendants") for infringement of United States Patent Number 6,975,308 ("the '308 Patent") pursuant to 35 U.S.C. § 271.

## NATURE OF THE ACTION

1. This is an action for patent infringement under Title 35 of the United States Code.

2. Defendants make, use, sell, offer for sale, and/or import into the United States products that fall within the scope of one or more claims of the '308 Patent.

3. Accordingly, Profectus seeks remedies for Defendants' infringement of the '308 Patent.

**THE PARTIES**

4. Plaintiff Profectus is a limited liability company organized and existing under the laws of the State of Texas with its principal place of business in Dix Hills, New York.

5. Upon information and belief, Defendant Huawei Technologies Co., Ltd. is a corporation organized and existing under the laws of the People's Republic of China with its principal place of business in Huawei Industrial Base, Bantian, Longgang, Shenzhen, Guangdong, P.R. China, 518129.

6. Upon information and belief, Defendant Huawei Technologies USA Inc. is a corporation organized and existing under the laws of the State of Texas with its principal place of business located at 5700 Tennyson Parkway, Suite #500, Plano, Texas 75024.  Upon information and belief, Huawei Technologies USA Inc. may be served with process by serving its registered agent, CT Corporation System, at 350 N. St. Paul St. Ste. 2900, Dallas, Texas 75201.

7. Upon information and belief, Defendant Huawei Device USA, Inc. is a corporation organized and existing under the laws of the State of Texas with its principal place of business located at 5700 Tennyson Parkway, Suite #500, Plano, Texas 75024.  Upon information and belief, Huawei Device USA Inc. may be served with process by serving its registered agent, CT Corporation System, at 350 N. St. Paul St. Ste. 2900, Dallas, Texas 75201.

8. Upon information and belief, Futurewei Technologies, Inc. is a corporation organized and existing under the laws of the State of Texas with its principal place of business located at 5340 Legacy Drive, Suite 175, Plano, Texas 75024.  Upon information and belief, Futurewei Technologies, Inc. may be served with process by serving its registered agent, CT Corporation System, at 350 N. St. Paul St. Ste. 2900, Dallas, Texas 75201.

9. The Huawei Entities have been and are designing, marketing, manufacturing, using, importing, selling, and/or offering for sale products, including but not limited to S7, IDEOS S7 Slim, and MediaPad devices, that infringe one or more claims of the '308 Patent.

10. The Huawei Entities have been and are doing business in the United States, and more particularly, in the Eastern District of Texas by designing, marketing, manufacturing, using, importing, selling, and/or offering for sale products, including but not limited to S7, IDEOS S7 Slim, and MediaPad devices, that infringe one or more claims of the '308 Patent.

## JURISDICTION AND VENUE

11. This is a civil action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, including 35 U.S.C. §§ 271 and 281-285.  Subject matter jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331 and 1338(a).

12. Venue is proper in the Tyler Division of the Eastern District of Texas under 28 U.S.C. §§ 1391(b)-(d) and 1400(b).

13. This court has personal jurisdiction over the Huawei Entities.  The Huawei Entities have purposefully established minimum contacts with the State of Texas.  Huawei Technologies USA Inc., Huawei Device USA, Inc., and Futurewei Technologies, Inc. are each organized and exist under the laws of the State of Texas and have a principal place of business located in the Eastern District of Texas.  Further, the Huawei Entities, directly and/or through third-party manufacturers, manufacture or assemble products that are and have been offered for sale, sold, purchased, and used within the Eastern District of Texas, which products fall within the scope of one or more claims of the '308 Patent ("infringing products").  The Huawei Entities, directly or through intermediaries (including distributors, retailers, and others), ship, distribute,

offer for sale, sell, and advertise infringing products in the Eastern District of Texas. Additionally, upon information and belief, the Huawei Entities, directly and/or through their distribution networks, regularly place infringing products within the stream of commerce, with the knowledge and/or understanding that such products will be sold and/or used in the Eastern District of Texas.  Upon information and belief, the Huawei Entities have purposefully and voluntarily sold one or more infringing products with the expectation that they will be purchased by consumers in the Eastern District of Texas.  The Huawei Entities' infringing products have been and continue to be purchased by consumers in the Eastern District of Texas.  The Huawei Entities have committed acts of patent infringement within the State of Texas and, more particularly, within the Eastern District of Texas.  The Huawei Entities have purposefully availed themselves of the benefits of the State of Texas and the exercise of jurisdiction over the Huawei Entities would not offend traditional notions of fair play and substantial justice.

## COUNT I
## PATENT INFRINGEMENT

14.  Profectus incorporates by reference the paragraphs 1-13 above as if fully set forth herein.

15.  On December 13, 2005, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '308 Patent, entitled "Digital Picture Display Frame" and listing Frank W. Bitetto and James J. Bitetto as the named inventors, after full and fair examination.  A true and correct copy of the '308 Patent is attached as Exhibit A.  Profectus is the assignee of all rights, title, and interest in and to the '308 Patent and possess all rights of recovery under the '308 Patent, including the right to recover damages for past infringement.

16. The '308 Patent is valid and enforceable. Profectus and its predecessors in interest have complied with the marking requirements of 35 U.S.C. § 287(a).

17. The Huawei Entities have been and are now directly infringing the '308 Patent by making, using, selling, offering for sale, and/or importing into the United States products, including without limitation, the Huawei Entities' S7, IDEOS S7 Slim, and MediaPad devices, that fall within the scope of at least one claim of the '308 Patent, either literally or under the doctrine of equivalents. .

18. The Huawei Entities, as set forth above, have been and are infringing one or more claims of the '308 Patent. The Huawei Entities are liable for infringement for the '308 Patent as set forth above.

19. The Huawei Entities' acts of infringement have caused Profectus monetary damage. Profectus is entited to recover from the Huawei Entities monetary damages under 35 U.S.C. § 284 adequate to compensate Profectus for infringement of the '308 Patent.

## DEMAND FOR A JURY TRIAL

20. Profectus hereby demands a trial by jury, under Rule 38 of the Federal Rules of Civil Procedure, for all issues triable of right by a jury.

## PRAYER

WHEREFORE, Plaintiff Profectus respectfully prays for the following:

A. A judgment that the Huawei Entities have infringed the '308 Patent;

B. A judgment and order that Profectus be awarded its actual damages under 35 U.S.C. § 284, including supplemental damages for any continuing post-verdict infringement;

C. A judgment and order requiring the Huawei Entities to pay Profectus pre-judgment and post-judgment interest on the damages awarded, including an award of prejudgment interest, pursuant to 35 U.S.C. § 284, from the date of each act of infringement of the '308 Patent by the Huawei Entities to the day a damages judgment is entered, and further award of post-judgment interest, pursuant to 28 U.S.C. § 1961, continuing until such judgment is paid, at the maximum rate allowed by law; and

D. That Profectus be awarded such other and further relief as the Court deems just and equitable.

Dated: September 9, 2011.                              Respectfully submitted,


                                                       _____/s/ Steven E. Ross_____
                                                       Steven E. Ross
                                                       Lead Attorney
                                                       Texas State Bar No. 17305500
                                                       **ROSS IP GROUP PLLC**
                                                       1700 Pacific Ave., Suite 3750
                                                       Dallas, Texas 75201
                                                       Phone: 972-661-9400
                                                       Facsimile: 972-661-9401
                                                       sross@rossipg.com

                                                       **ATTORNEYS FOR PLAINTIFF**
                                                       **PROFECTUS TECHNOLOGY LLC**