**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **Profectus Technology LLC,** | |
| *Plaintiff*, | Case No. 6:11-cv-00474 |
| v. | |
| **Huawei Technologies Co., Ltd.,** | **Jury Trial Demanded** |
| **Huawei Technologies USA Inc.,** | |
| **Huawei Device USA Inc.,** | |
| **Futurewei Technologies, Inc.,** | |
| **Dell Inc.,** | |
| **Research In Motion Corporation,** | |
| **Xplore Technologies Corp.,** | |
| **Apple Inc.,** | |
| **Parrot Inc.,** | |
| **Samsung Telecommunications America, LLC,** | |
| **Samsung Electronics America, Inc.,** | |
| **Panasonic Corporation of North America,** | |
| **Motion Computing, Inc.,** | |
| **Flat Computing, LLC,** | |
| **GiiNii International Corp.,** | |
| **Eastman Kodak Company,** | |
| *Defendants*. | |

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Profectus Technology LLC ("Profectus") files this First Amended Complaint for

Patent Infringement against Huawei Technologies Co., Ltd.; Huawei Technologies USA, Inc.;

Huawei Device USA, Inc.; Futurewei Technologies, Inc. (sometimes collectively referred to as

the "Huawei"); Dell Inc. ("Dell"); Research In Motion Corporation ("RIM"); Xplore

Technologies Corp. ("Xplore"); Apple Inc. ("Apple"); Parrot Inc. ("Parrot"); Samsung

Telecommunications America, LLC ("Samsung Telecom"); Samsung Electronics America Inc.

("Samsung Electronics") (sometimes collectively referred to as "Samsung"); Panasonic Corporation of North America ("Panasonic"); Motion Computing, Inc. ("Motion Computing"); Flat Computing, LLC ("Flat Computing"); GiiNii International Corp. ("GiiNii"); and Eastman Kodak Company ("Kodak") (all of the foregoing are sometimes collectively referred to as the "Defendants") for infringement of United States Patent Number 6,975,308 ("the '308 Patent") pursuant to 35 U.S.C. § 271.

## NATURE OF THE ACTION

1.      This is an action for patent infringement under Title 35 of the United States Code.

2.      Defendants make, use, sell, offer for sale, and/or import into the United States products that fall within the scope of one or more claims of the '308 Patent.

3.      Profectus seeks damages pursuant to 35 U.S.C. § 284, among other relief, for Defendants' infringement of the '308 Patent.

## THE PARTIES

4.      Plaintiff Profectus is a limited liability company organized and existing under the laws of the State of Texas with its principal place of business in Dix Hills, New York.

5.      Upon information and belief, Defendant Huawei Technologies Co., Ltd. ("Huawei China") is a corporation organized and existing under the laws of the People's Republic of China with its principal place of business in Huawei Industrial Base, Bantian, Longgang, Shenzhen, Guangdong, P.R. China, 518129.  Upon information and belief, Defendant Huawei Technologies USA Inc. is a corporation organized and existing under the laws of the State of Texas with its principal place of business located at 5700 Tennyson Parkway, Suite

#500, Plano, Texas 75024.  Upon information and belief, Huawei Technologies USA Inc. may be served with process by serving its registered agent, CT Corporation System, at 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201.  Upon information and belief, Defendant Huawei Device USA, Inc. is a corporation organized and existing under the laws of the State of Texas with its principal place of business located at 5700 Tennyson Parkway, Suite #500, Plano, Texas 75024.  Upon information and belief, Huawei Device USA Inc. may be served with process by serving its registered agent, CT Corporation System, at 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201.  Upon information and belief, Futurewei Technologies, Inc. is a corporation organized and existing under the laws of the State of Texas with its principal place of business located at 5340 Legacy Drive, Suite 175, Plano, Texas 75024.  Upon information and belief, Futurewei Technologies, Inc. may be served with process by serving its registered agent, CT Corporation System, at 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201.  Upon information and belief, Huawei Technologies USA Inc., Huawei Technologies USA Inc., Huawei Device USA, Inc., and Futurewei Technologies, Inc. are subsidiaries of Huawei China.

6.     Huawei has been and is designing, marketing, manufacturing, using, importing, selling, and/or offering for sale products, including but not limited to S7 and IDEOS S7 Slim devices, that infringe one or more claims of the '308 Patent.

7.     Huawei is doing business in the United States and, more particularly, in the Eastern District of Texas by designing, marketing, manufacturing, using, importing, selling, and/or offering for sale products, including but not limited to S7 and IDEOS S7 Slim devices, that infringe one or more claims of the '308 Patent.

8.     Upon information and belief, Defendant Dell is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at

One Dell Way, Round Rock, Texas 78682. Upon information and belief, Dell may be served with process by serving its registered agent, Corporation Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

9.      Dell has been and is designing, marketing, manufacturing, using, importing, selling, and/or offering for sale products, including but not limited to Streak 5 and Streak 7 devices, that infringe one or more claims of the '308 Patent.

10.     Dell is doing business in the United States and, more particularly, in the Eastern District of Texas by designing, marketing, manufacturing, using, importing, selling, and/or offering for sale products, including but not limited to Streak 5 and Streak 7 devices, that infringe one or more claims of the '308 Patent.

11.     Upon information and belief, Defendant RIM is a corporation organized and existing under the laws of the Delaware with its principal place of business located at 122 West John Carpenter Freeway, Suite 430, Irving, Texas 75039.  Upon information and belief, RIM may be served with process by serving its registered agent, CT Corporation System, at 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201.

12.     RIM has been and is designing, marketing, manufacturing, using, importing, selling, and/or offering for sale products, including but not limited to BlackBerry PlayBook devices, that infringe one or more claims of the '308 Patent.

13.     RIM is doing business in the United States and, more particularly, in the Eastern District of Texas by designing, marketing, manufacturing, using, importing, selling, and/or offering for sale products, including but not limited to BlackBerry PlayBook devices, that infringe one or more claims of the '308 Patent.

14.     Upon information and belief, Defendant Xplore is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 14000 Summit Drive, Suite 900, Austin, Texas 78728. Upon information and belief, Xplore may be served with process by serving its registered agent, National Registered Agents, Inc., 16055 Space Center, Suite 235, Houston, Texas 77062.

15.     Xplore has been and is designing, marketing, manufacturing, using, importing, selling, and/or offering for sale products, including but not limited to iX104C5 devices, that infringe one or more claims of the '308 Patent.

16.     Xplore is doing business in the United States and, more particularly, in the Eastern District of Texas by designing, marketing, manufacturing, using, importing, selling, and/or offering for sale products, including but not limited to iX104C5 devices, that infringe one or more claims of the '308 Patent.

17.     Upon information and belief, Defendant Apple is a corporation organized and existing under the laws of the State of California with its principal place of business located at 1 Infinite Loop, Cupertino, California 95014. Upon information and belief, Apple may be served with process by serving its registered agent, CT Corporation System, at 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201.

18.     Apple has been and is designing, marketing, manufacturing, using, importing, selling, and/or offering for sale products, including but not limited to iPad, iPad2, and iMac G5 devices, that infringe one or more claims of the '308 Patent.

19.     Apple is doing business in the United States and, more particularly, in the Eastern District of Texas by designing, marketing, manufacturing, using, importing, selling, and/or

offering for sale products, including but not limited to iPad, iPad2, and iMac G5 devices, that infringe one or more claims of the '308 Patent.

20.      Upon information and belief, Defendant Parrot is a corporation organized and existing under the laws of the State of New York with its principal place of business located at 27777 Franklin Road, Suite 1200, Southfield, Michigan 48034. Upon information and belief, Parrot may be served with process by serving its registered agent, Edward Valdez, at 9442 Capital of Texas Highway North, Arboretum Plaza, Suite 500, Austin, Texas 78759.

21.      Parrot has been and is designing, marketing, manufacturing, using, importing, selling, and/or offering for sale products, including but not limited to Parrot Grande Specchio devices, that infringe one or more claims of the '308 Patent.

22.      Parrot is doing business in the United States and, more particularly, in the Eastern District of Texas by designing, marketing, manufacturing, using, importing, selling, and/or offering for sale products, including but not limited to Parrot Grande Specchio devices, that infringe one or more claims of the '308 Patent.

23.      Upon information and belief, Defendant Samsung Telecom is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located at 1301 East Lookout Drive, Richardson, Texas 75082.  Upon information and belief, Samsung Telecom may be served with process by serving its registered agent, Corporation Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

24.      Upon information and belief, Defendant Samsung Electronics is a corporation organized and existing under the laws of the State of New York with its principal place of business located at 105 Challenger Road, Ridgefield Park, New Jersey 07660.  Upon information

and belief, Samsung Electronics may be served with process by serving its registered agent, CT Corporation System, at 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201.

25.     Samsung has been and is designing, marketing, manufacturing, using, importing, selling, and/or offering for sale products, including but not limited to Galaxy Tab devices, that infringe one or more claims of the '308 Patent.

26.     Samsung is doing business in the United States and, more particularly, in the Eastern District of Texas by designing, marketing, manufacturing, using, importing, selling, and/or offering for sale products, including but not limited to Galaxy Tab devices, that infringe one or more claims of the '308 Patent.

27.     Upon information and belief, Defendant Panasonic is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 1 Panasonic Way, Secaucus, New Jersey 07094. Upon information and belief, Panasonic may be served with process by serving its registered agent, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, TX 75201.

28.     Panasonic has been and is designing, marketing, manufacturing, using, importing, selling, and/or offering for sale products, including but not limited to Toughbook U1 Ultra devices, that infringe one or more claims of the '308 Patent.

29.     Panasonic is doing business in the United States and, more particularly, in the Eastern District of Texas by designing, marketing, manufacturing, using, importing, selling, and/or offering for sale products, including but not limited to Toughbook U1 Ultra devices, that infringe one or more claims of the '308 Patent.

30.     Upon information and belief, Defendant Motion Computing is a corporation organized and existing under the laws of the State of Delaware with its principal place of

business located at 8601 RR 2222, Building II, Austin, Texas 78730. Upon information and belief, Motion Computing may be served with process by serving its registered agent, Corporation Service Company, at 211 E. 7th Street, Suite 620, Austin, TX 78701.

31.     Motion Computing has been and is designing, marketing, manufacturing, using, importing, selling, and/or offering for sale products, including but not limited to Motion J3500 Tablet PC devices, that infringe one or more claims of the '308 Patent.

32.     Motion Computing has been and is doing business in the United States and, more particularly, in the Eastern District of Texas by designing, marketing, manufacturing, using, importing, selling, and/or offering for sale products, including but not limited to Motion J3500 Tablet PC devices, that infringe one or more claims of the '308 Patent.

33.     Upon information and belief, Defendant Flat Computing is a limited liability company organized and existing under the laws of the State of Texas with its principal place of business located at 2924 Cuero CV, Round Rock, Texas 78681. Upon information and belief, Flat Computing may be served with process by serving its registered agent, Alan W. Goldsberry, at 12407 Brushy Hollow, Austin, TX 78750.

34.     Flat Computing has been and is designing, marketing, manufacturing, using, importing, selling, and/or offering for sale products, including but not limited to FlatPad A10W devices, that infringe one or more claims of the '308 Patent.

35.     Flat Computing is doing business in the United States and, more particularly, in the Eastern District of Texas by designing, marketing, manufacturing, using, importing, selling, and/or offering for sale products, including but not limited to FlatPad A10W devices, that infringe one or more claims of the '308 Patent.

36.     Upon information and belief, Defendant GiiNii is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 7060 Koll Center Parkway, Suite 340, Pleasanton, CA 94566.  Upon information and belief, GiiNii may be served with process by serving its registered agent, Yiu-Po Yeh Tsuei, at 689 Monaco Ct, Walnut Creek, California 94598.

37.     GiiNii has been and is designing, marketing, manufacturing, using, importing, selling, and/or offering for sale products, including but not limited to 8" Ultra-Thin Digital Picture Frame devices, that infringe one or more claims of the '308 Patent.

38.     GiiNii is doing business in the United States and, more particularly, in the Eastern District of Texas by designing, marketing, manufacturing, using, importing, selling, and/or offering for sale products, including but not limited to 8" Ultra-Thin Digital Picture Frame devices, that infringe one or more claims of the '308 Patent.

39.     Upon information and belief, Defendant Kodak is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business located at 1999 Lake Avenue, Rochester, New York 14650.

40.     Kodak has been and is designing, marketing, manufacturing, using, importing, selling, and/or offering for sale products, including but not limited to Pulse Digital Frame and OLED Wireless Frame devices, that infringe one or more claims of the '308 Patent.

41.     Kodak is doing business in the United States and, more particularly, in the Eastern District of Texas by designing, marketing, manufacturing, using, importing, selling, and/or offering for sale products, including but not limited to Pulse Digital Frame and OLED Wireless Frame devices, that infringe one or more claims of the '308 Patent.

## JURISDICTION AND VENUE

42.     This is a civil action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, including 35 U.S.C. §§ 271 and 281-285.  Subject matter jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331 and 1338(a).

43.     Venue is proper in the Tyler Division of the Eastern District of Texas under 28 U.S.C. §§ 1391(b)-(d) and 1400(b).

44.     This court has personal jurisdiction over Huawei.  Huawei has purposefully established minimum contacts with the State of Texas.  Huawei Technologies USA Inc., Huawei Device USA, Inc., and Futurewei Technologies, Inc. are each organized and exist under the laws of the State of Texas and have a principal place of business located in the Eastern District of Texas.  Further, Huawei, directly and/or through third-party manufacturers, manufactures or assembles products that are and have been offered for sale, sold, purchased, and used within the Eastern District of Texas, the products falling within the scope of one or more claims of the '308 Patent.  Huawei, directly or through intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, sells, and advertises infringing products in the Eastern District of Texas.  Additionally, Huawei, directly and/or through their distribution networks, regularly places infringing products within the stream of commerce, with the knowledge and/or understanding that such products will be sold in the Eastern District of Texas.  Upon information and belief, Huawei has purposefully and voluntarily sold one or more infringing products with the expectation that they will be purchased by consumers in the Eastern District of Texas.  Huawei's infringing products have been and continue to be purchased by consumers in the Eastern District of Texas.  Huawei has committed acts of patent infringement within the State of Texas and, more particularly, within the Eastern District of Texas.  Huawei has purposefully

availed itself of the benefits of the State of Texas and the exercise of jurisdiction over Huawei would not offend traditional notions of fair play and substantial justice.

45.     This court has personal jurisdiction over Dell.  Dell has purposefully established minimum contacts with the State of Texas.  Dell has a principal place of business located in Texas.  Further, Dell, directly and/or through third-party manufacturers, manufactures or assembles products that are and have been offered for sale, sold, purchased, and used within the Eastern District of Texas, the products falling within the scope of one or more claims of the '308 Patent.  Dell, directly or through intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, sells, and advertises infringing products in the Eastern District of Texas.  Additionally, Dell, directly and/or through their distribution networks, regularly places infringing products within the stream of commerce, with the knowledge and/or understanding that such products will be sold in the Eastern District of Texas.  Upon information and belief, Dell has purposefully and voluntarily sold one or more infringing products with the expectation that they will be purchased by consumers in the Eastern District of Texas.  Dell's infringing products have been and continue to be purchased by consumers in the Eastern District of Texas. Dell has committed acts of patent infringement within the State of Texas and, more particularly, within the Eastern District of Texas.  Dell has purposefully availed itself of the benefits of the State of Texas and the exercise of jurisdiction over Dell would not offend traditional notions of fair play and substantial justice.

46.     This court has personal jurisdiction over RIM.  RIM has purposefully established minimum contacts with the State of Texas.  RIM has a principal place of business located in Texas.  Further, RIM, directly and/or through third-party manufacturers, manufactures or assembles products that are and have been offered for sale, sold, purchased, and used within the

Eastern District of Texas, the products falling within the scope of one or more claims of the '308 Patent.  RIM, directly or through intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, sells, and advertises infringing products in the Eastern District of Texas.  Additionally, RIM, directly and/or through their distribution networks, regularly places infringing products within the stream of commerce, with the knowledge and/or understanding that such products will be sold in the Eastern District of Texas.  Upon information and belief, RIM has purposefully and voluntarily sold one or more infringing products with the expectation that they will be purchased by consumers in the Eastern District of Texas.  RIM's infringing products have been and continue to be purchased by consumers in the Eastern District of Texas.  RIM has committed acts of patent infringement within the State of Texas and, more particularly, within the Eastern District of Texas.  RIM has purposefully availed itself of the benefits of the State of Texas and the exercise of jurisdiction over RIM would not offend traditional notions of fair play and substantial justice.

47.    This court has personal jurisdiction over Xplore.  Xplore has purposefully established minimum contacts with the State of Texas.  Xplore is organized and exists under the laws of the State of Texas and has a principal place of business located in Texas.  Further, Xplore, directly and/or through third-party manufacturers, manufactures or assembles products that are and have been offered for sale, sold, purchased, and used within the Eastern District of Texas, the products falling within the scope of one or more claims of the '308 Patent.  Xplore, directly or through intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, sells, and advertises infringing products in the Eastern District of Texas.  Additionally, Xplore, directly and/or through their distribution networks, regularly places infringing products within the stream of commerce, with the knowledge and/or understanding

that such products will be sold in the Eastern District of Texas.  Upon information and belief, Xplore has purposefully and voluntarily sold one or more infringing products with the expectation that they will be purchased by consumers in the Eastern District of Texas.  Xplore's infringing products have been and continue to be purchased by consumers in the Eastern District of Texas.  Xplore has committed acts of patent infringement within the State of Texas and, more particularly, within the Eastern District of Texas.  Xplore has purposefully availed itself of the benefits of the State of Texas and the exercise of jurisdiction over Xplore would not offend traditional notions of fair play and substantial justice.

48.    This court has personal jurisdiction over Apple.   Apple has purposefully established minimum contacts with the State of Texas.  Further, Apple, directly and/or through third-party manufacturers, manufactures or assembles products that are and have been offered for sale, sold, purchased, and used within the Eastern District of Texas, the products falling within the scope of one or more claims of the '308 Patent.  Apple, directly or through intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, sells, and advertises infringing products in the Eastern District of Texas.  Additionally, Apple, directly and/or through their distribution networks, regularly places infringing products within the stream of commerce, with the knowledge and/or understanding that such products will be sold in the Eastern District of Texas.  Upon information and belief, Apple has purposefully and voluntarily sold one or more infringing products with the expectation that they will be purchased by consumers in the Eastern District of Texas.  Apple's infringing products have been and continue to be purchased by consumers in the Eastern District of Texas.  Apple has committed acts of patent infringement within the State of Texas and, more particularly, within the Eastern District of Texas.  Apple has purposefully availed itself of the benefits of the State of Texas and the

exercise of jurisdiction over Apple would not offend traditional notions of fair play and substantial justice.

49.     This court has personal jurisdiction over Parrot.   Parrot has purposefully established minimum contacts with the State of Texas.   Parrot, directly and/or through third-party manufacturers, manufactures or assembles products that are and have been offered for sale, sold, purchased, and used within the Eastern District of Texas, the products falling within the scope of one or more claims of the '308 Patent.   Parrot, directly or through intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, sells, and advertises infringing products in the Eastern District of Texas.   Additionally, Parrot, directly and/or through their distribution networks, regularly places infringing products within the stream of commerce, with the knowledge and/or understanding that such products will be sold in the Eastern District of Texas.   Upon information and belief, Parrot has purposefully and voluntarily sold one or more infringing products with the expectation that they will be purchased by consumers in the Eastern District of Texas.   Parrot's infringing products have been and continue to be purchased by consumers in the Eastern District of Texas.   Parrot has committed acts of patent infringement within the State of Texas and, more particularly, within the Eastern District of Texas.   Parrot has purposefully availed itself of the benefits of the State of Texas and the exercise of jurisdiction over Parrot would not offend traditional notions of fair play and substantial justice.

50.     This court has personal jurisdiction over the Samsung.   Samsung has purposefully established minimum contacts with the State of Texas.   Samsung Telecom has a principal place of business located in Texas. Samsung, directly and/or through third-party manufacturers, manufactures or assembles products that are and have been offered for sale, sold, purchased, and

used within the Eastern District of Texas, the products falling within the scope of one or more claims of the '308 Patent.  Samsung, directly or through intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, sells, and advertises infringing products in the Eastern District of Texas.  Additionally, the Samsung, directly and/or through its distribution networks, regularly places infringing products within the stream of commerce, with the knowledge and/or understanding that such products will be sold in the Eastern District of Texas.  Upon information and belief, Samsung has purposefully and voluntarily sold one or more infringing products with the expectation that they will be purchased by consumers in the Eastern District of Texas.  Samsung's infringing products have been and continue to be purchased by consumers in the Eastern District of Texas.  Samsung has committed acts of patent infringement within the State of Texas and, more particularly, within the Eastern District of Texas.  Samsung has purposefully availed itself of the benefits of the State of Texas and the exercise of jurisdiction over the Samsung would not offend traditional notions of fair play and substantial justice.

51.     This court has personal jurisdiction over Panasonic.  Panasonic has purposefully established minimum contacts with the State of Texas.  Panasonic, directly and/or through third-party manufacturers, manufactures or assembles products that are and have been offered for sale, sold, purchased, and used within the Eastern District of Texas, the products falling within the scope of one or more claims of the '308 Patent.  Panasonic, directly or through intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, sells, and advertises infringing products in the Eastern District of Texas.  Additionally, Panasonic, directly and/or through its distribution networks, regularly places infringing products within the stream of commerce, with the knowledge and/or understanding that such products will be sold in the

Eastern District of Texas.   Upon information and belief, Panasonic has purposefully and voluntarily sold one or more infringing products with the expectation that they will be purchased by consumers in the Eastern District of Texas.   Panasonic's infringing products have been and continue to be purchased by consumers in the Eastern District of Texas.   Panasonic has committed acts of patent infringement within the State of Texas and, more particularly, within the Eastern District of Texas.   Panasonic has purposefully availed itself of the benefits of the State of Texas and the exercise of jurisdiction over Panasonic would not offend traditional notions of fair play and substantial justice.

52.   This court has personal jurisdiction over Motion Computing.   Motion Computing has purposefully established minimum contacts with the State of Texas.   Motion Computing has a principal place of business located in Texas.   Motion Computing, directly and/or through third-party manufacturers, manufactures or assembles products that are and have been offered for sale, sold, purchased, and used within the Eastern District of Texas, the products falling within the scope of one or more claims of the '308 Patent.   Motion Computing, directly or through intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, sells, and advertises infringing products in the Eastern District of Texas.   Additionally, Motion Computing, directly and/or through its distribution networks, regularly places infringing products within the stream of commerce, with the knowledge and/or understanding that such products will be sold in the Eastern District of Texas.   Upon information and belief, Motion Computing has purposefully and voluntarily sold one or more infringing products with the expectation that they will be purchased by consumers in the Eastern District of Texas.   Motion Computing's infringing products have been and continue to be purchased by consumers in the Eastern District of Texas. Motion Computing has committed acts of patent infringement within the State of Texas and,

more particularly, within the Eastern District of Texas. Motion Computing has purposefully availed itself of the benefits of the State of Texas and the exercise of jurisdiction over Motion Computing would not offend traditional notions of fair play and substantial justice.

53.     This court has personal jurisdiction over Flat Computing. Flat Computing has purposefully established minimum contacts with the State of Texas. Flat Computing is organized and exists under the laws of the State of Texas and has a principal place of business located in Texas. Flat Computing, directly and/or through third-party manufacturers, manufactures or assembles products that are and have been offered for sale, sold, purchased, and used within the Eastern District of Texas, the products falling within the scope of one or more claims of the '308 Patent. Flat Computing, directly or through intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, sells, and advertises infringing products in the Eastern District of Texas. Additionally, Flat Computing, directly and/or through its distribution networks, regularly places infringing products within the stream of commerce, with the knowledge and/or understanding that such products will be sold in the Eastern District of Texas. Upon information and belief, Flat Computing has purposefully and voluntarily sold one or more infringing products with the expectation that they will be purchased by consumers in the Eastern District of Texas. Flat Computing's infringing products have been and continue to be purchased by consumers in the Eastern District of Texas. Flat Computing has committed acts of patent infringement within the State of Texas and, more particularly, within the Eastern District of Texas. Flat Computing has purposefully availed itself of the benefits of the State of Texas and the exercise of jurisdiction over Flat Computing would not offend traditional notions of fair play and substantial justice.

54.     This court has personal jurisdiction over GiiNii.   GiiNii has purposefully established minimum contacts with the State of Texas.  GiiNii, directly and/or through third-party manufacturers, manufactures or assembles products that are and have been offered for sale, sold, purchased, and used within the Eastern District of Texas, the products falling within the scope of one or more claims of the '308 Patent.  GiiNii, directly or through intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, sells, and advertises infringing products in the Eastern District of Texas.  Additionally, GiiNii, directly and/or through its distribution networks, regularly places infringing products within the stream of commerce, with the knowledge and/or understanding that such products will be sold in the Eastern District of Texas.  Upon information and belief, GiiNii has purposefully and voluntarily sold one or more infringing products with the expectation that they will be purchased by consumers in the Eastern District of Texas.  GiiNii's infringing products have been and continue to be purchased by consumers in the Eastern District of Texas.  GiiNii has committed acts of patent infringement within the State of Texas and, more particularly, within the Eastern District of Texas.  GiiNii has purposefully availed itself of the benefits of the State of Texas and the exercise of jurisdiction over GiiNii would not offend traditional notions of fair play and substantial justice.

55.     This court has personal jurisdiction over Kodak.   Kodak has purposefully established minimum contacts with the State of Texas.  Kodak, directly and/or through third-party manufacturers, manufactures or assembles products that are and have been offered for sale, sold, purchased, and used within the Eastern District of Texas, the products falling within the scope of one or more claims of the '308 Patent.  Kodak, directly or through intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, sells, and

advertises infringing products in the Eastern District of Texas.  Additionally, Kodak, directly and/or through its distribution networks, regularly places infringing products within the stream of commerce, with the knowledge and/or understanding that such products will be sold in the Eastern District of Texas.  Upon information and belief, Kodak has purposefully and voluntarily sold one or more infringing products with the expectation that they will be purchased by consumers in the Eastern District of Texas.  Kodak's infringing products have been and continue to be purchased by consumers in the Eastern District of Texas.  Kodak has committed acts of patent infringement within the State of Texas and, more particularly, within the Eastern District of Texas.  Kodak has purposefully availed itself of the benefits of the State of Texas and the exercise of jurisdiction over Kodak would not offend traditional notions of fair play and substantial justice.

**COUNT I**
**<u>PATENT INFRINGEMENT</u>**

56.     Profectus incorporates by reference the paragraphs 1-55 above as if fully set forth herein.

57.     On December 13, 2005, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '308 Patent, entitled "Digital Picture Display Frame" and listing Frank W. Bitetto and James J. Bitetto as the named inventors, after full and fair examination.  A true and correct copy of the '308 Patent is attached as Exhibit A.  Profectus is the assignee of all rights, title, and interest in and to the '308 Patent and possess all rights of recovery under the '308 Patent, including the right to recover damages for past infringement.

58.     The '308 Patent is valid and enforceable.  Profectus and its predecessors in interest have complied with the marking requirements of 35 U.S.C. § 287(a).

59.     Huawei has been and is now directly infringing the '308 Patent by making, using, selling, offering for sale, and/or importing into the United States products, including without limitation, Huawei's S7 and IDEOS S7 Slim devices, that fall within the scope of at least one claim of the '308 Patent, either literally or under the doctrine of equivalents.

60.     Dell has been and is now directly infringing the '308 Patent by making, using, selling, offering for sale, and/or importing into the United States products, including without limitation, Dell's Streak 5 and Streak 7 devices, that fall within the scope of at least one claim of the '308 Patent, either literally or under the doctrine of equivalents.

61.     RIM has been and is now directly infringing the '308 Patent by making, using, selling, offering for sale, and/or importing into the United States products, including without limitation, RIM's BlackBerry PlayBook devices, that fall within the scope of at least one claim of the '308 Patent, either literally or under the doctrine of equivalents.

62.     Xplore has been and is now directly infringing the '308 Patent by making, using, selling, offering for sale, and/or importing into the United States products, including without limitation, Xplore's iX104C5 devices, that fall within the scope of at least one claim of the '308 Patent, either literally or under the doctrine of equivalents.

63.     Apple has been and is now directly infringing the '308 Patent by making, using, selling, offering for sale, and/or importing into the United States products, including without limitation, Apple's iPad, iPad2, and iMac G5 devices, that fall within the scope of at least one claim of the '308 Patent, either literally or under the doctrine of equivalents.

64.     Parrot has been and is now directly infringing the '308 Patent by making, using, selling, offering for sale, and/or importing into the United States products, including without

limitation, Parrot's Grande Specchio devices, that fall within the scope of at least one claim of the '308 Patent, either literally or under the doctrine of equivalents.

65.     Samsung has been and is now directly infringing the '308 Patent by making, using, selling, offering for sale, and/or importing into the United States products, including without limitation, the Samsung's Galaxy Tab devices, that fall within the scope of at least one claim of the '308 Patent, either literally or under the doctrine of equivalents.

66.     Panasonic has been and is now directly infringing the '308 Patent by making, using, selling, offering for sale, and/or importing into the United States products, including without limitation, Panasonic's Toughbook U1 Ultra devices, that fall within the scope of at least one claim of the '308 Patent, either literally or under the doctrine of equivalents.

67.     Motion Computing has been and is now directly infringing the '308 Patent by making, using, selling, offering for sale, and/or importing into the United States products, including without limitation, Motion Computing's Motion J3500 Tablet PC devices, that fall within the scope of at least one claim of the '308 Patent, either literally or under the doctrine of equivalents.

68.     Flat Computing has been and is now directly infringing the '308 Patent by making, using, selling, offering for sale, and/or importing into the United States products, including without limitation, Flat Computing's FlatPad A10W devices, that fall within the scope of at least one claim of the '308 Patent, either literally or under the doctrine of equivalents.

69.     GiiNii has been and is now directly infringing the '308 Patent by making, using, selling, offering for sale, and/or importing into the United States products, including without limitation, GiiNii's 8" Ultra-Thin Digital Picture Frame devices, that fall within the scope of at least one claim of the '308 Patent, either literally or under the doctrine of equivalents.

70.     Kodak has been and is now directly infringing the '308 Patent by making, using, selling, offering for sale, and/or importing into the United States products, including without limitation, Kodak's Pulse Digital Frame and OLED Wireless Frame devices, that fall within the scope of at least one claim of the '308 Patent, either literally or under the doctrine of equivalents.

71.     The Defendants, as set forth above, have been and are now infringing one or more claims of the '308 Patent.  The Defendants are liable for infringement for the '308 Patent as set forth above.

72.     The Defendants' acts of infringement have caused Profectus monetary damage. Profectus is entitled to recover from the Defendants monetary damages under 35 U.S.C. § 284 adequate to compensate Profectus for infringement of the '308 Patent.

## DEMAND FOR A JURY TRIAL

73.     Profectus hereby demands a trial by jury, under Rule 38 of the Federal Rules of Civil Procedure, for all issues triable of right by a jury.

## PRAYER

WHEREFORE, Plaintiff Profectus respectfully prays for the following:

A.     A judgment that the Defendants have infringed the '308 Patent;

B.     A judgment and order that Profectus be awarded its actual damages under 35 U.S.C. § 284, including supplemental damages for any continuing post-verdict infringement;

C.     A judgment and order requiring the Defendants to pay Profectus pre-judgment and post-judgment interest on the damages awarded, including an award of prejudgment interest, pursuant to 35 U.S.C. § 284, from the date of each act of infringement of the '308 Patent by the

Defendants to the day a damages judgment is entered, and further an award of post-judgment interest, pursuant to 28 U.S.C. § 1961, continuing until such judgment is paid, at the maximum rate allowed by law;

D. A judgment and order requiring Defendants to pay the costs of this action; and

E. Such other and further relief in law or in equity to which Profectus may be justly entitled.

Dated: September 13, 2011.                         Respectfully submitted,


                                   _____/s/ Steven E. Ross_____
                                   Steven E. Ross
                                   Lead Attorney
                                   Texas State Bar No. 17305500
                                   sross@rossipg.com
                                   **ROSS IP GROUP PLLC**
                                   1700 Pacific Ave., Suite 3750
                                   Dallas, Texas 75201
                                   Phone: 972-661-9400
                                   Facsimile: 972-661-9401

                                   **ATTORNEYS FOR PLAINTIFF**
                                   **PROFECTUS TECHNOLOGY LLC**