**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| PROFECTUS TECHNOLOGY LLC | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 6:11-cv-00474-LED |
| | § | |
| HUAWEI TECHNOLOGIES CO., LTD; | § | |
| HUAWEI TECHNOLOGIES USA INC.; | § | |
| HUAWEI DEVICE USA INC.; | § | |
| FUTUREWEI TECHNOLOGIES, INC; | § | |
| DELL INC.; | § | |
| RESEARCH IN MOTION CORPORATION; | § | JURY TRIAL DEMANDED |
| XPLORE TECHNOLOGIES CORP.; | § | |
| APPLE INC.; | § | |
| PARROT INC.; | § | |
| SAMSUNG TELECOMMUNICATIONS | § | |
| AMERICA, LLC; | § | |
| SAMSUNG ELECTRONICS AMERICA, | § | |
| INC.; | § | |
| PANASONIC CORPORATION OF NORTH | § | |
| AMERICA; | § | |
| MOTION COMPUTING, INC.; | § | |
| FLAT COMPUTING, LLC; | § | |
| GIINII INTERNATIONAL CORP.; | § | |
| and | § | |
| EASTMAN KODAK COMPANY. | § | |
| | § | |
| *Defendants.* | § | |

**DEFENDANT RESEARCH IN MOTION CORPORATION'S**
**ANSWER, DEFENSES, AND COUNTERCLAIMS**
**TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

**I. ANSWER**

Defendant Research In Motion Corporation ("RIM"), by and through its undersigned

counsel, hereby files its Answer, Defenses, and Counterclaims to Plaintiff's First Amended

Complaint for Patent Infringement ("First Amended Complaint"). RIM denies each and every

allegation made by Plaintiff Profectus Technology LLC ("Profectus") in the First Amended Complaint, whether express or implied, that is not specifically admitted below:

### Nature of the Action[1]

1.      RIM admits that the First Amended Complaint purports to arise under the patent laws of the United States, Title 35 of the United States Code.  Except as expressly admitted, RIM denies the allegations in Paragraph 1.

2.      To the extent the allegations of Paragraph 2 are directed at RIM, RIM denies the allegations in that paragraph.  To the extent the allegations of Paragraph 2 are directed at entities other than RIM, RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2, and therefore RIM denies these allegations in that paragraph.

3.      RIM admits that Profectus purports to seek damages pursuant to 35 U.S.C. § 284, and other unspecified relief. To the extent the allegations of Paragraph 3 are directed at RIM, RIM denies that it has infringed or is infringing the patent-in-suit and denies that Profectus is entitled to any damages from RIM.  To the extent the allegations of Paragraph 3 are directed at entities other than RIM, RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3, and therefore RIM denies these allegations in that paragraph.

### The Parties

4.      RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

---

[1] RIM generally follows the headings set forth in the First Amended Complaint to simplify comparison of the First Amended Complaint and this Answer.  Each of the paragraphs numbered 1–73 corresponds to those paragraphs numbered 1–73 in the First Amended Complaint. By doing so, RIM makes no admission regarding the substance of the heading or any other allegations of the First Amended Complaint and, in fact, unless otherwise stated, to the extent that a particular heading can be construed as an allegation, RIM specifically denies such allegations.

5.      RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

6.      RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

7.      RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

8.      RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

9.      RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

10.      RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

11.      RIM admits that Research In Motion Corporation is a corporation organized and existing under the laws of Delaware with its principal place of business at 122 West John Carpenter Parkway, Suite 430, Irving, Texas 75039.  RIM admits that Research In Motion Corporation has named CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201 as its agent for service of process.  Except as expressly admitted, RIM denies the allegations in Paragraph 11.

12.      Denied.

13.      RIM admits that its products are sold in the Eastern District of Texas.  Except as expressly admitted, RIM denies the allegations in Paragraph 13.

14.      RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

15.     RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

16.     RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

17.     RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

18.     RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

19.     RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

20.     RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

21.     RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

22.     RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

23.     RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

24.     RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

25.     RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

26.     RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

27.     RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

28.     RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

29.     RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

30.     RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

31.     RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

32.     RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

33.     RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

34.     RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

35.     RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

36.     RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

37.     RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

38.     RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

39.     RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

40.     RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

41.     RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

### Jurisdiction and Venue

42.     RIM admits that the First Amended Complaint purports to arise under the patent laws of the United States, 35 U.S.C. §§ 271 and 281–285, and that the Court has subject matter jurisdiction over claims arising under the patent laws of the United States pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Except as expressly admitted, RIM denies the allegations in Paragraph 42.

43.     To the extent the allegations of Paragraph 43 are directed at RIM, Paragraph 43 states a legal conclusion with respect to venue, to which no response is required.  RIM denies that there is no clearly more convenient venue for the allegations in the First Amended Complaint.  Except as expressly admitted, RIM denies the allegations of Paragraph 43 directed at RIM.  To the extent the allegations of Paragraph 43 are directed at entities other than RIM, RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43, and therefore RIM denies the allegations in that paragraph.

44.     RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

45.     RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

46.     RIM admits that this Court has personal jurisdiction over RIM for purposes of this action and the counterclaims set forth herein only.  Except as expressly admitted, RIM denies the allegations in Paragraph 46.

47.     RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

48.     RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

49.     RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

50.     RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

51.     RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

52.     RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

53.     RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

54.     RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

55.     RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

## Count I

## Patent Infringement

56.   RIM incorporates by reference its responses in paragraphs 1-55 above as if fully repeated here.

57.     RIM admits that the face of U.S. Patent No. 6,975,308 ("the '308 Patent") indicates that the patent was issued on December 13, 2005, is entitled "Digital Picture Display Frame," and lists Frank W. Bitetto and James J. Bitetto as the named inventors.  RIM denies that the '308 Patent was duly and legally issued.  RIM admits that what appears to be a copy of the '308 Patent is attached as Exhibit A to the First Amended Complaint.  RIM lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and therefore denies the same.

58.     Denied.

59.     RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

60.     RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

61.     Denied.

62.     RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

63.     RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

64.     RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

65.     RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

66.     RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

67.     RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

68.     RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

69.     RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

70.     RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

71.     To the extent the allegations of Paragraph 71 are directed at RIM, RIM denies the allegations in that paragraph.  To the extent the allegations of Paragraph 71 are directed at entities other than RIM, RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 71, and therefore RIM denies these allegations in that paragraph.

72.     To the extent the allegations of Paragraph 72 are directed at RIM, RIM denies the allegations in that paragraph.  To the extent the allegations of Paragraph 72 are directed at entities other than RIM, RIM lacks knowledge or information sufficient to form a belief about

the truth of the allegations in Paragraph 72, and therefore RIM denies these allegations in that paragraph.

### Demand for a Jury Trial

73.     This averment does not require a response.

### Prayer

RIM denies all allegations that Profectus is entitled to any relief whatsoever, either as prayed for in its First Amended Complaint or otherwise.

## II.  ADDITIONAL DEFENSES

RIM asserts the following defenses, without assuming the burden of proof when such burden would otherwise be on the Plaintiff, to the allegations in Profectus's First Amended Complaint.  RIM reserves the right to amend its answer, including asserting additional defenses and counterclaims, as this matter progresses.

### First Additional Defense (Failure to State a Claim)

74.     The First Amended Complaint fails to state a claim upon which relief can be granted.

### Second Additional Defense (Invalidity)

75.     One or more claims of U.S. Patent No. 6,975,308 ("the '308 Patent") are invalid for failure to meet one or more provisions of the United States patent laws, 35 U.S.C. § 101 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112, and the applicable provisions of Title 37 of the Code of Federal Regulations.

### Third Additional Defense (Non-Infringement)

76.     Profectus is not entitled to any relief against RIM because RIM does not and has not infringed, either directly, jointly, indirectly, contributorily, or by inducement, any valid and

enforceable claim of the '308 Patent, either literally or under the doctrine of equivalents, willfully or otherwise.

### Fourth Additional Defense (License/Exhaustion/Implied License)

77.     On information and belief, Profectus's claims are barred by the doctrines of license, patent exhaustion, and/or implied license.

### Fifth Additional Defense (Prosecution History Estoppel)

78.     The doctrine of prosecution history estoppel precludes a finding of infringement, either directly, jointly, indirectly, contributorily, or by inducement, of any valid and enforceable claim of the '308 Patent, either literally or under the doctrine of equivalents.

### Sixth Additional Defense (Limitation on Recovery)

79.     On information and belief, Profectus is barred, in whole or in part, from recovering any damage for any alleged infringement of the '308 Patent pursuant to 35 U.S.C. §§ 286 and/or 287.

### Seventh Additional Defense (Laches/Estoppel/Waiver)

80.     On information and belief, some or all of Profectus's claims are barred, in whole or in part, by the doctrines of laches, estoppel, equitable estoppel, and/or waiver.

### Eighth Additional Defense (Costs Unavailable)

81.     On information and belief, Profectus is precluded from seeking recovery of its costs under the provisions of 35 U.S.C. § 288.

### Ninth Additional Defense (Injunctive Relief Unavailable)

82.     Profectus is not entitled to injunctive relief because any alleged injury to Profectus is not immediate or irreparable, and Profectus has an adequate remedy at law.

**Tenth Additional Defense (Unclean Hands)**

83.     On information and belief, Profectus's claims are barred, in whole or in part, by the doctrine of unclean hands.

**Eleventh Additional Defense (Government Sales)**

84.     On information and belief, Profectus's claims are barred, in whole or in part, pursuant to 28 U.S.C. § 1498.

**Twelfth Additional Defense (Limitation on Remedies)**

85.     On information and belief, Profectus's remedies are limited under 35 U.S.C. § 252.

## III.  RIM'S COUNTERCLAIMS FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY

Without prejudice to RIM's right to plead additional counterclaims as the facts of the matter warrant, RIM hereby asserts the following counterclaims against Profectus:

**The Parties**

86.     Research In Motion Corporation is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 122 W. John Carpenter Pkwy., Suite 430, Irving, Texas 75039.

87.     According to Profectus's First Amended Complaint, Profectus is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business in Dix Hills, New York.

88.     According to Profectus's First Amended Complaint, Profectus is the assignee of all rights, title, and interest in U.S. Patent No. 6,975,308 ("the '308 Patent").

89.     Profectus brought suit against RIM alleging infringement of the '308 Patent.

12

**Jurisdiction and Venue**

90.     By filing the First Amended Complaint, Profectus has consented to the personal jurisdiction of this Court.

91.     To the extent that venue over Profectus's claims is found to be proper, venue is proper in this District for RIM's counterclaims pursuant to 28 U.S.C. §§ 1391 and 1400(b).

92.     In view of the filing by Profectus of this suit and RIM's defenses, there exists an actual and justiciable controversy between the parties regarding the validity and alleged infringement of the '308 Patent by RIM.

93.     Subject to RIM's affirmative defenses and denials, RIM alleges that to the extent that this Court has jurisdiction over Profectus's claims against RIM, this Court has subject matter jurisdiction over these counterclaims pursuant to, without limitation, the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, the patent laws of the United States, 35 U.S.C. § 100 *et seq.*, concerning actions related to patents, and 28 U.S.C. §§ 1331 and 1338.

**FIRST CLAIM FOR RELIEF:**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT**
**OF THE '308 PATENT**

94.     RIM incorporates by reference paragraphs 86–93 above as though fully repeated here.

95.     An actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exits between Profectus and RIM with respect to the infringement of the '308 Patent.

96.     RIM does not and has not infringed any valid and enforceable claim of the '308 Patent, either literally or under the doctrine of equivalents, either directly, jointly, indirectly, contributorily, or by inducement, willfully or otherwise.

here.

## SECOND CLAIM FOR RELIEF:
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '308 PATENT

97.     RIM incorporates by reference paragraphs 86–96 above as though fully repeated here.

98.     An actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists between Profectus and RIM with respect to the validity of the '308 Patent.

99.     Each of the claims of the '308 Patent are invalid for failure to meet one or more provisions of the United States patent laws, 35 U.S.C. 101 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

## IV.  REQUEST FOR RELIEF

Wherefore, RIM respectfully requests that the Court grant it the following relief:

A.      judgment for RIM on all counts set forth in Profectus's First Amended Complaint, dismissing Profectus's claims for relief in their entirety, with prejudice and costs;

B.      declaratory judgment that the claims of the '308 Patent are invalid;

C.      declaratory judgment that RIM does not and has not infringed any valid and enforceable claim of the '308 Patent, either literally or under the doctrine of equivalents, either directly, jointly, indirectly, contributorily, or by inducement, willfully or otherwise;

D.      a declaration that this case is exceptional in favor of RIM;

E.      an award of costs and attorney's fees to RIM; and

F.      such other and further relief in favor of RIM as this Court deems just and
appropriate.

## JURY DEMAND

Research In Motion Corporation demands a trial by jury on all issues so triable.


Dated:  January 20, 2012                              Respectfully submitted,


                                                      _/s/ David B. Weaver_____
                                                      David B. Weaver
                                                      Texas Bar No. 00798576
                                                      **VINSON & ELKINS LLP**
                                                      2801 Via Fortuna, Suite 100
                                                      Austin, TX 78746-7568
                                                      Telephone:  512.542.8651
                                                      Facsimile:  512.236.3476
                                                      dweaver@velaw.com
                                                      *ATTORNEY TO BE NOTICED*

                                                      William L. LaFuze
                                                      Texas Bar No. 11792500
                                                      wlafuze@velaw.com
                                                      Steven R. Borgman
                                                      Texas Bar No. 02670300
                                                      sborgman@velaw.com
                                                      **VINSON & ELKINS L.L.P.**
                                                      First City Tower
                                                      1001 Fannin Street, Suite 2500
                                                      Houston, TX  77002-6760
                                                      Telephone:  713.758.2595
                                                      Facsimile:  713.615.5317
                                                      *ATTORNEYS TO BE NOTICED*

                                                      **ATTORNEYS FOR RESEARCH IN
                                                      MOTION CORPORATION**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 20th day of January, 2012, all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing instrument via the Court's CM/ECF filing system and via U.S. Certified Mail, return-receipt requested to:

Flat Computing, LLC
c/o Alan W. Goldsberry
12407 Brushy Hollow
Austin, TX  78750

_/s/ David B. Weaver_____
David Weaver

US 1237408v.1