**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

|  |  |
|---|---|
| **Profectus Technology LLC,** | |
| *Plaintiff,* | |
| v. | Case No. 6:11-cv-00474-LED |
| **Huawei Technologies Co., Ltd.,** | |
| **Huawei Technologies USA Inc.,** | **Jury Trial Demanded** |
| **Huawei Device USA Inc.,** | |
| **Futurewei Technologies, Inc.,** | |
| **Dell Inc.,** | |
| **Research In Motion Corporation,** | |
| **Xplore Technologies Corp.,** | |
| **Apple Inc.,** | |
| **Parrot Inc.,** | |
| **Samsung Telecommunications America, LLC,** | |
| **Samsung Electronics America, Inc.,** | |
| **Panasonic Corporation of North America,** | |
| **Motion Computing, Inc.,** | |
| **Flat Computing, LLC,** | |
| **GiiNii International Corp., and** | |
| **Eastman Kodak Company**, | |
| *Defendants.* | |

**PROFECTUS TECHNOLOGY LLC'S RESPONSE IN OPPOSITION TO
GIINII INTERNATIONAL CORP.'S MOTION TO SEVER AND TRANSFER**

## TABLE OF CONTENTS

Preliminary Statement ....................................................................................................1

I.   NATURE AND SCOPE OF THE PROCEEDINGS ..................................................2

II.  ARGUMENT ...........................................................................................................2

    A.  Profectus's claims against GiiNii are properly joined. ...................................2

        1.   GiiNii's and the other defendants' alleged acts of infringement
           arise out of the same transaction or occurrence. ...........................................3

           (a) GiiNii's motion relies on inapposite authority........................................4

           (b) Profectus's claims against GiiNii are properly joined under
               this Court's jurisprudence. ......................................................................6

           (c) The Court should not sever Profectus's claims against GiiNii
               because such severance would be inefficient............................................8

        2.   GiiNii has shown no prejudice in its ability to defend itself in this action. ...................9

    B.  GiiNii's motion to transfer should be denied.................................................10

        1.   GiiNii fails to pass the threshold requirement for transfer. ........................11

        2.   Transferring Profectus's claims against GiiNii to California will create
           practical problems that weigh heavily against transfer.................................12

           (a) The private interest factors do not favor transfer...................................12

           (b) The public interest factors do not favor transfer....................................14

III. CONCLUSION........................................................................................................15

# TABLE OF AUTHORITIES

*Adrain v. Genetec Inc.*,
   No. 2:08-cv-423, 2009 U.S. Dist. LEXIS 86855, at *2 (E.D. Tex. Sept. 22, 2009)..................7

*Balawajder v. Scott*,
   160 F.3d 1066, 1067 (5th Cir. 1998) ...................................................................10

*Bandspeed, Inc. v. Acer, Inc.*,
   No. 2:10-cv-215, 2011 U.S. Dist. LEXIS 91472 (E.D. Tex. Aug. 15, 2011).........................13

*Centre One v. Vonage Holdings Corp.*,
   No. 6:08CV467, 2010 U.S. Dist. LEXIS 84258 (E.D. Tex. Aug. 17, 2010).........................14

*EMG Technology LLC v. Dr. Pepper Snapple Group Inc.*,
   Case No. 6:10-cv-536 (E.D. Tex. Sept. 23, 2011) ...........................................1, 2, 3

*Eolas Techs., Inc. v. Adobe Sys., Inc.*,
   No. 6:09-cv-446, 2010 U.S. Dist. LEXIS 104125 (E.D. Tex. Sept. 28, 2010)...............7, 8, 12

*Hanley v. First Investors Corp.*,
   151 F.R.D. 76 (E.D. Tex. 1993)..............................................................2, 5

*In re Genentech, Inc.*,
   566 F.3d 1338, 1346 (Fed. Cir. 2009).....................................................10, 12

*In re Google, Inc.*,
   412 Fed. Appx. 295 (Fed. Cir. 2011).........................................................7, 8

*In re Morgan Stanley*,
   417 F. App'x 947 (Fed. Cir. 2011) ...........................................................14

*In re Volkswagen AG* ("*Volkswagen I*"),
   371 F.3d 201, 203 (5th Cir. 2004) .......................................................11, 12

*In re Volkswagen of Am., Inc.* ("*Volkswagen II*"),
   545 F.3d 304 (5th Cir. 2008) ................................................................11

*Imperium (IP) Holdings, Inc. v. Apple Inc.*,
   No 4:11-cv-163, 2012 U.S. Dist. LEXIS 10333 (E.D. Tex. Jan. 20, 2012) .......................11

*Lodsys, LLC v. Brother Int'l Corp.*,
   Case No. 2:11-cv-90, (E.D. Tex. Mar. 8, 2012) ...............................................5

*Markman v. Westview Instruments, Inc.*,
   517 U.S. 370 (1996)..........................................................................3

*Microunity Sys. Eng'g v. Acer Inc.*,
   No. 2:10-cv-185, 2011 U.S. Dist. LEXI 112564 (E.D. Tex. Sept. 30, 2011).......................6

*MyMail, Ltd. v. Am. Online, Inc.*,
   223 F.R.D. 455 (E.D. Tex. 2004)......................................................2, 3, 5, 7, 9

*Oasis Research, LLC v. Adrive, LLC*,
    No. 4:10-cv-435, 2011 U.S. Dist. LEXIS 80623 (E.D. Tex. May 23, 2011) ..........................7

*Reid v. General Motors Corp.*,
    240 F.R.D. 260 (E.D. Tex. 2007) ........................................................................................4, 5

*Regents of the Univ. of Cal. v. Eli Lilly & Co.*,
    119 F.3d 1559 (Fed. Cir. 1997)..............................................................................................13

*Revere Copper and Brass Inc. v. Aetna Cas. and Sur. Co.*,
    426 F.2d 709 (5th Cir. 1970) ....................................................................................................6

*United Mine Workers v. Gibbs*,
    383 U.S. 715 (1966)...................................................................................................................3

*Williams v. Hoyt*,
    556 F.2d 1336 (5th Cir. 1977) ..................................................................................................3

## **OTHER**

28 U.S.C. § 1404(a) ......................................................................................................................10

Fed. R. Civ. P. 20(a)(2)...............................................................................................................2, 3

Wright & Miller, Fed. Prac. & Proc. Civ. § 1653 (3d ed.) ..........................................................6

Plaintiff Profectus Technology LLC ("Profectus") submits this response in opposition to defendant GiiNii International Corp.'s ("GiiNii") Motion to Sever and Transfer (D.I. 112).

PRELIMINARY STATEMENT

Profectus's inclusion of GiiNii with the other defendants in this patent infringement action conforms with the strictures of Federal Rule of Civil Procedure 20 and this Court's own precedent.   Profectus's claims against the defendants are logically connected in that each defendant manufactures one or more products that infringe the patent-in-suit.   GiiNii concedes questions of law or fact common to all defendants will arise in this case.   Proceeding in a single action promotes judicial efficiency and avoids the risk of inconsistent rulings on issues such as claim construction, infringement, and patent validity.   Forcing Profectus to proceed against GiiNii separately in California would result in two different courts simultaneously holding proceedings involving the same patent.   GiiNii urges the Court to adopt a new rule holding that infringement by different defendants does not satisfy Rule 20's "same transaction, occurrence, or series of transactions or occurrences" prong.   The controlling law on severance recently stated in this Court's Memorandum Opinion and Order in *EMG Technology LLC v. Dr. Pepper Snapple Group Inc.*, Case No. 6:10-cv-536 (E.D. Tex. Sept. 23, 2011) (Davis, C.J.) (attached hereto as Exhibit A), compels denial of GiiNii's motion to sever.   Because GiiNii's motion to transfer turns on its motion to sever, that motion should be denied as GiiNii has failed to show that the Northern District of California is a district in which the action could have been filed against any defendant other than GiiNii.   Furthermore, even if this Court severs Profectus's claims against GiiNii, the convenience factors, on balance, weigh against transfer.

# I.    NATURE AND STAGE OF THE PROCEEDINGS[1]

Profectus filed suit against the four Huawei defendants on September 9, 2011[2] alleging

infringement of U.S. Patent No. 6,975,308 ("the '308 Patent") (D.I. 1).   Four days later,

Profectus amended its complaint by asserting the same patent infringement claims against GiiNii

and the other eleven defendants (D.I. 3).   Profectus voluntarily dismissed one defendant on

February 3, 2012 (D.I. 99).   On March 9, 2012, the Court severed one defendant from this action

and stayed that case pending resolution of a bankruptcy proceeding (D.I. 109).   Excluding

GiiNii, all of the defendants answered the amended complaint (D.I. 45, 53, 56, 59, 61, 68, 71, 75,

79, 81, 82, 93, 111).   Profectus has requested the Court to set a scheduling conference (D.I. 118).

The parties have not engaged in any fact discovery.

# II.    ARGUMENT

## A.    Profectus's claims against GiiNii are properly joined.

Joinder of multiple defendants in a single action is proper if (1) any right to relief arises

out of the same transaction, occurrence, or series of transactions or occurrences and (2) any

question of law or fact common to all defendants will arise in the action.   FED. R. CIV. P.

20(a)(2).   Transactions or occurrences satisfy the first prong of Rule 20(a)(2) "if there is some

connection or logical relationship between the various transactions or occurrences."   *EMG

Technology* at 2; *see also MyMail, Ltd. v. Am. Online, Inc.*, 223 F.R.D. 455, 456 (E.D. Tex.

---

[1]   The facts and issues here overlap with the facts and issues in the following four related lawsuits filed on December 16, 2011 and assigned to this Court:  *Profectus Technology LLC v. Motorola Mobility, Inc.* (Case No. 6:11-cv-00674-LED), *Profectus Technology LLC v. Motorola Solutions, Inc.* (Case No. 6:11-cv-00675-LED), *Profectus Technology LLC v. Hewlett-Packard Company and Hewlett-Packard Development Company, L.P.* (Case No. 6:11-cv-00676-LED), and *Profectus Technology LLC v. Acer Inc. and Acer America Corporation* (Case No. 6:11-cv-00677-LED).

[2]   This action was filed before the enactment of the America Invents Act of 2011 and therefore is not governed by the Act's new joinder rules.

2004); *Hanley v. First Investors Corp.*, 151 F.R.D. 76, 79 (E.D. Tex. 1993).  "A logical relationship exists if there is some nucleus of operative facts or law." *EMG Technology* at 2; *MyMail*, 223 F.R.D. at 456.

"The joinder rules were created to increase judicial efficiency by allowing related claims against different parties to be tried together." *EMG Technology* at 2.  The Federal Rules of Civil Procedure strongly encourage joinder of claims, parties, and remedies.  *United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966).  "The district court has broad discretion in determining the propriety of . . . continuing a particular party as a defendant." *Williams v. Hoyt*, 556 F.2d 1336, 1341 (5th Cir. 1977).  In patent infringement litigation, the district court must construe the patent's claims.  *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 390-91 (1996).  "The prospect of inconsistent claim construction favors resolving related patent cases in the same forum when possible." *EMG Technology* at 2.  As made clear by this Court, "[b]esides being a duplicative use of scarce judicial resources, two claim constructions risk inconsistency, create greater uncertainty regarding the patent's scope, and impede the administration of justice." *EMG Technology* at 2-3.

By the motion's silence, GiiNii concedes the second prong of Rule 20(a)(2) is satisfied. That is, GiiNii admits that the legal question of the '308 Patent's scope and the factual questions about the patent's validity are common to all the defendants.  Thus, the only question before the Court is whether the first prong has been satisfied.  It indisputably has.

### 1.    GiiNii's and the other defendants' alleged acts of infringement arise out of the same transaction or occurrence.

GiiNii contends that "Profectus's patent infringement claims fail to satisfy the first prong of Rule 20(a)(2)" (D.I. 112 at 3).  Without citing any evidentiary support, GiiNii alleges that it "sells a unique product that while similar" to the other accused products "will require . . .

3

independent infringement analyses, damage evaluation, evidence, and witnesses that, for the large part, cannot be shared with other defendants" (*Id.* at 3-4).  According to GiiNii, "[u]nder such circumstances, the alleged infringement does not arise from the same transaction" (*Id.* at 4). Nowhere in the motion does GiiNii deny that the defendants' accused products have the same claimed features.  Instead, GiiNii baldly alleges the "named defendants are separate companies that independently developed their products" (*Id.* at 3).  But how the defendants developed their products is irrelevant to the present motion.  The relevant inquiry is whether there is a logical connection among the defendants to Profectus's claims.   And, as alleged in the amended complaint, there is because all the defendants offer products that have the same or very similar features that infringe the '308 Patent.

**(a)      GiiNii's motion relies on inapposite authority.**

GiiNii cites only one case from this district in support of its motion to sever.  GiiNii's reliance on *Reid v. General Motors Corp.*, 240 F.R.D. 260 (E.D. Tex. 2007), is misleading and misplaced.  In *Reid*, pursuant to Rule 42(b), the plaintiffs and defendant Charles Schwab & Company filed a joint motion to bifurcate the trial of Schwab from the original co-defendants and Microsoft, an intervening defendant.   240 F.R.D. at 261-62.   The motion sought "consolidation of pretrial matters, such as claim construction, with the other defendants."  *Id.* at 263.  When the bifurcation motion was filed, the original parties had been litigating for well over a year.  *Id.* at 261-62.  The plaintiffs and Schwab were trying to avoid "the undue expenses and burden of another six months of discovery, motion practice, and other aspects of litigation."  *Id.* Schwab argued that "'large and well-known patent infringement verdicts' against its co-defendants and intervenor Microsoft" would likely prejudice Schwab in any trial involving those parties "especially where defendants may be required to share witnesses, making it impossible for the jury to distinguish Schwab from other defendants."  *Id.* Judge Folsom found that "[s]uch

4

relief may be provided by ordering a severance of Plaintiffs' claims against Schwab pursuant to Rule 21 while consolidating [claim construction and discovery related to common issues] for pre-trial purposes." *Id.* at 263.  The decision in *Reid* to sever was made after fact discovery was nearly complete.  Here, like in *MyMail*, the parties have not completed discovery.  And since GiiNii attached no evidence in support of its motion to sever, the record before the Court does not show that the accused products are so different that determining infringement in one case is less proper or efficient than determining infringement in multiple cases.

After acknowledging the Court's binding precedent "set out in *MyMail*," GiiNii offers "three reasons" why the Court's "approach is unpersuasive in this case" (D.I. 112 at 5).  First, GiiNii contends the Court "misappli[ed] . . . the Eight Circuit's 'logical relationship' test" in *MyMail* (*Id.*).  Contrary to GiiNii's suggestion in footnote 4, this Court did not cite the Eight Circuit's *Mosley* opinion in *MyMail*, let alone discuss it.  And given that Judge Schell properly decided *Hanley v. First Inventors Corp.* on Fifth Circuit authority—not the *Mosley* "logical relationship" test—GiiNii's explanation of the misapplication is a *non sequitur*.  *Hanley*, 151 F.R.D. 76, 80 (E.D. Tex. 1993).  Second, GiiNii contends "the *MyMail* approach is further unpersuasive in view of the legislative history of [the newly enacted America Invents Act ("AIA")]" (*Id.* at 6).  GiiNii's motion concedes that Congress refrained from making the AIA's joinder provision retroactive.  Thus, multi-defendant cases filed in the Eastern District of Texas prior to the AIA's effective date of September 16, 2011 continue to be governed by the long-standing precedent of *MyMail*.  *See, e.g., Lodsys, LLC v. Brother Int'l Corp.*, Case No. 2:11-cv-90, slip op. at 9-11 (E.D. Tex. Mar. 8, 2012) (attached here as Exhibit B) (applying *MyMail* after the promulgation of the AIA).  Third, GiiNii baldly contends "the particular facts and circumstances of this case make joinder improper; the various defendants' accused products are

simply not sufficiently related for Profectus's infringement claims against each to be joined in a single suit" (D.I. 112 at 6-7). Although GiiNii cites to paragraph 7 of the Strasser Declaration, it failed to attach that declaration to its motion. None of GiiNii's reasons, however, warrant upending this Court's own precedent.

In addition, the Court should not adopt GiiNii's narrow interpretation of Rule 20 because it would be contrary to Fifth Circuit precedent. While the Fifth Circuit has not directly ruled on the circumstances under which the "same transaction, occurrence, or series of transactions or occurrences" prong of Rule 20 is met, it has analyzed that language in the analogous joinder of claims context of Rules 13(a) and 18(a). *See* Wright & Miller, FED. PRAC. & PROC. CIV. § 1653 (3d ed.) ("The logical-relationship test employed under Rule 13(a) seems consistent with the philosophy underlying the passage in Rule 20 that allows joinder of parties whenever the claims arise out of 'the same series of transactions or occurrences.'"). In that context, claims meet the "same transaction, occurrence, or series of transactions or occurrences" test if they arise "out of the same aggregate of operative facts." *Revere Copper and Brass Inc. v. Aetna Cas. and Sur. Co.*, 426 F.2d 709, 715-16 (5th Cir. 1970). Here, Profectus's allegations against GiiNii and the other defendants are centered on their use of light, sound, and/or movement to change an image displayed on a screen. Thus, under the Fifth Circuit's precedent, Profectus's allegations against each of the defendants arise out of the same aggregate of operative facts regarding the circuitry and sensors used in the defendants' accused products.

> **(b)    Profectus's claims against GiiNii are properly joined under this Court's jurisprudence.**

As GiiNii's motion concedes, courts in this district have consistently held that the first prong of joinder is met "if there is some connection or logical relationship between the various transactions or occurrences," meaning a "nucleus of operative facts or law." *Microunity Sys.*

*Eng'g v. Acer Inc.*, No. 2:10-cv-185, 2011 U.S. Dist. LEXI 112564, at **16-17, 18 (E.D. Tex. Sept. 30, 2011) (finding "logical relationship" where all accused products use a processor based on a common third-party architecture and instruction set).  Thus, courts in this district have found joinder proper where "[d]efendants' allegedly infringing products are not dramatically different."  *Oasis Research, LLC v. Adrive, LLC*, No. 4:10-cv-435, 2011 U.S. Dist. LEXIS 80623, at *9 (E.D. Tex. May 23, 2011) (finding first prong of Rule 20 analysis satisfied where all defendants operate an "online backup/storage" service); *MyMail*, 223 F.R.D. at 456-57 (finding "logical relationship" where "the record before the Court does not show that the products or methods at issue are so different that determining infringement in one case is less proper or efficient than determining infringement in multiple cases").  Joinder is also proper where there is infringement of a common patent because "adjudicating infringement will require construing the claims and evaluating the patent's innovation over the prior art."  *Eolas Techs., Inc. v. Adobe Sys., Inc.*, No. 6:09-cv-446, 2010 U.S. Dist. LEXIS 104125, at *15 (E.D. Tex. Sept. 28, 2010) *mandamus denied sub nom. In re Google, Inc.*, 412 Fed. Appx. 295 (Fed. Cir. 2011); *Adrain v. Genetec Inc.*, No. 2:08-cv-423, 2009 U.S. Dist. LEXIS 86855, at *2 (E.D. Tex. Sept. 22, 2009) (holding "license plate recognition system[s]" sold by unrelated defendants were sufficiently similar to be of the same transaction or occurrence).  This approach has been endorsed by the Federal Circuit, which recently found no abuse of discretion by declining to sever claims against twenty-two defendants based on infringement of common patents.  *In re Google*, 412 Fed. Appx. at 296.

Nowhere in its motion does GiiNii dispute that this Court's basic test is not met here, nor can it.  All of the defendants in this action are accused of infringing the '308 Patent, and thus under this district's binding precedent, significant "overlapping questions of law and fact" exist

as to all defendants.  *Eolas*, 2010 U.S. Dist. LEXIS 104125, at *15.   Accordingly, GiiNii's motion must be denied.

> **(c)     The Court should not sever Profectus's claims against GiiNii because such severance would be inefficient.**

Contrary to GiiNii's assertion, severance would be inefficient for both the judicial system and the third parties from whom discovery will be sought.  As the Federal Circuit recently held, "judicial economy plays a *paramount role* in trying to maintain an orderly, effective, administration of justice and having one trial court decide all . . . claims clearly furthers that objective."  *In re Google*, 412 Fed. Appx. at 296 (emphasis added).   Here, severance would create significant inefficiencies because there are five active, related cases pending in this district and before this Court.  Additionally, the Court severed one defendant from this action and stayed that case pending resolution of a bankruptcy proceeding (D.I. 109).  In the instant case, the Court will soon conduct a scheduling conference and then permit the parties to engage in discovery. And while the other four cases were filed more recently, their presence in the Eastern District will benefit from the Court's experience derived from this case.  Severing Profectus's allegations against GiiNii would thus create six parallel infringement actions involving the same patent-in-suit creating a significant risk of inconsistent claim construction and infringement verdicts. Further, much of the proof relating to infringement, validity, and prosecution of the '308 Patent will likely come from third parties.  Severance would significantly inconvenience those third parties, who would likely have to respond to subpoenas and provide testimony in six separate litigations.  Severing GiiNii from this proceeding will only serve to increase the burden on both involved courts and the third parties.

### 2.    GiiNii has shown no prejudice in its ability to defend itself in this action.

Rule 21 gives the Court "authority to sever parties during any stage of the proceedings and on such terms as are just."  *MyMail*, 223 F.R.D. at 456.  GiiNii contends that this Court should "sever the claims against GiiNii to prevent prejudice" (D.I. 112 at 7).  According to the motion, GiiNii "will be prejudiced by having to expose highly confidential information to co-defendants in order to rebut Profectus's infringement allegations" (*Id.* at 8).  GiiNii also alleges that the "co-defendants will be prejudiced by the sheer number of disparate, yet simultaneously-presented, infringement theories and remedies arguments that this Court, and ultimately a jury, would be asked to analyze and parse" (*Id.*).  GiiNii further alleges Profectus "may taint one defendant with another defendant's potential problems connected with, e.g., larger damages exposure, discovery-related issues, or damages facts" (*Id.*).  GiiNii believes "[t]he only way to remedy those prejudices is to sever the misjoined defendants" (*Id.*).

GiiNii's prejudice arguments founder for at least two reasons.  First, all of GiiNii's confidential information can be safeguarded by a protective order containing appropriate confidentiality protections.  As the Court knows, intellectual property disputes regularly require litigants to disclose sensitive information during discovery.  The protection of this information is accomplished by the issuance of a protective order, which is routine in patent litigation.  Whether stipulated to or imposed by the Court, the protective order would allow GiiNii to designate the appropriate level of confidentiality for its proprietary information—in some cases confining disclosure only to opposing counsel—so that the information remains out of the hands of litigants who could otherwise make competitive use of it.  The motion fails to establish how and why GiiNii would be prejudiced if access to its confidential information is restricted by the Court's protective order.

Second, at this juncture of the litigation, GiiNii's argument that jury confusion or bias will prejudice GiiNii and its co-defendants is rank speculation.  The motion fails to identify a single infringement theory or remedy that the jury will be asked to analyze and parse, let alone more than one.  And GiiNii offers no explanation for how or why having a single trial "seriously impairs [the defendants'] ability to advance positions meaningfully that are different from, or conflict with, the positions of other defendants during claim construction and trial" (*Id.* at 8). GiiNii's motion further fails to explain how Profectus could allegedly "taint" GiiNii or any of the other defendants in front of the jury.  Because this action is in the very early stages of litigation, GiiNii cannot support this argument.  After discovery closes, GiiNii may argue for a separate trial or seek to limit the use of evidence through a motion in limine.  Because GiiNii has shown no prejudice in its ability to defend itself in this action, the Court should decline to exercise its discretion under Rule 21 and refrain from severing the properly joined defendants.

**B.      GiiNii's motion to transfer should be denied.**

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[3]  The district court has "broad discretion in deciding whether to order a transfer."  *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998).

---

[3]  Profectus believes it is not subject to personal jurisdiction in the United States District Court for the Northern District of California.  (*See* Exhibit C, Declaration of James J. Bitetto at ¶¶ 10 and 13-27.)  The Federal Circuit, however, has held "[t]here is no requirement under § 1404(a) that a transferee court have jurisdiction over the plaintiff or that there be sufficient minimum contacts with the plaintiff; there is only a requirement that the transferee court have jurisdiction over the defendants in the transferred complaint."  *In re Genentech, Inc.*, 566 F.3d 1338, 1346 (Fed. Cir. 2009).  Profectus does not wish to waive personal jurisdiction in the Northern District of California.  Profectus therefore respectfully wishes to reserve its right to challenge whether it is subject to personal jurisdiction in the Northern District of California if its claims against GiiNii are transferred to that court.

The movant bears the burden of showing "good cause," which is only satisfied when "the movant demonstrates that the transferee venue is clearly more convenient." *In re Volkswagen of Am., Inc.* ("*Volkswagen II*"), 545 F.3d 304, 314 (5th Cir. 2008).  The initial threshold question is whether the suit could have been brought in the proposed transferee district. *In re Volkswagen AG* ("*Volkswagen I*"), 371 F.3d 201, 203 (5th Cir. 2004).  If the transferee district is a proper venue, then the court must weigh the relative conveniences of the current district against the transferee district.  In making the convenience determination, the Fifth Circuit considers several private and public interest factors, none of which are given dispositive weight. *Volkswagen I*, 371 F.3d at 203.  The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 315.  The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [in] the application of foreign law." *Id.*

1.    **GiiNii fails to pass the threshold requirement for transfer.**

As an initial matter, GiiNii's motion to transfer collapses with its motion for severance because GiiNii has failed to show that the Northern District of California is "a district in which the claim could have been filed" against any defendant other than GiiNii, a threshold requirement for a motion to transfer. *Volkswagen I*, 371 F.3d at 203; *Imperium (IP) Holdings, Inc. v. Apple Inc.*, No 4:11-cv-163, 2012 U.S. Dist. LEXIS 10333, at *16 (E.D. Tex. Jan. 20, 2012) (denying transfer because Apple failed to show transfer would be appropriate for all defendants).  GiiNii argues "[t]his case meets the first transfer requirement, as it is indisputable

that it could have been filed in the Northern District of California" (D.I. 112 at 10).   GiiNii

offered no evidence, however, to demonstrate that the other defendants would have been subject

to service and personal jurisdiction in California at the time this lawsuit was filed.  (*See id.* at 10

(citing Giordano Declaration stating only that "GiiNii's principal place of business is in

Pleasanton, California").)  Accordingly, GiiNii's motion to transfer must be denied.

> **2.     Transferring Profectus's claims against GiiNii to California will create practical problems that weigh heavily against transfer.**

Furthermore, even if this Court severs Profectus's claims against GiiNii, the convenience

factors, on balance, weigh against transfer.

> **a.     The private interest factors do not favor transfer.**

The cost of attendance for willing witnesses weighs against transfer.  This factor is

analyzed giving broad "consideration to the parties and witnesses in all claims and controversies

joined in a proceeding." *Eolas Tech Inc. v. Adobe Sys, Inc.*, 2010 WL 3835762, *5 (E.D. Tex

2010) (citing *Volkswagen I*, 371 F.3d at 204).  All potential material and relevant witnesses must

be taken into account for the transfer analysis, irrespective of their centrality to the issues raised

in a case or their likelihood of being called to testify at trial.  *Eolas*, 2010 WL 3835762 at *5

(citing *In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009)).  The Court considers not

only the convenience of the defendants' witnesses, but also the convenience of the plaintiffs'

witnesses. *See Eolas*, 2010 WL 3835762, at *3.

GiiNii failed to identify a single "known witness" by name making it impossible for the

Court to determine the respective distances between the residences (or workplaces) of all the

unidentified relevant witnesses and the two venues under consideration.  As this Court has

previously made clear, "it will not accept bald assertions or unqualified assumptions made in

briefing as evidence to support a motion to transfer venue." *Bandspeed, Inc. v. Acer, Inc.*, No. 2:10-cv-215, 2011 U.S. Dist. LEXIS 91472, at *16 (E.D. Tex. Aug. 15, 2011).

Access to sources of proof weighs against transfer.  Unlike Profectus, GiiNii did not identify a single witness by name (whether party or non-party) or provide evidence as to the location of witnesses.  (*Compare* Bitetto Declaration *with* Giordano Declaration.)  Moreover, GiiNii failed to point to a single witness who would not be willing to come to trial in Tyler, Texas.  Thus, this factor weighs against transfer as GiiNii failed to carry its burden.

Availability of compulsory process weighs against transfer.  GiiNii identified no non-party witnesses that would be subject to the subpoena power of this Court or the Northern District of California.  GiiNii's motion does not even suggest that, if any of its former employees are relevant witnesses, they would likely be subject to the subpoena power of the proposed transferee court.  Furthermore, GiiNii admits that its "known non-party witnesses . . . do not reside within either the Eastern District of Texas or the Northern District of California" (D.I. at 11).  Because GiiNii made no specific showing, this factor weighs against transfer.

The presence of practical problems weighs strongly against transfer.  The fourth and final private interest factor, that of the presence of practical problems, weighs strongly against transfer.  The Federal Circuit has held that, in patent cases, the "consideration of the interest of justice, which includes judicial economy, may be determinative to a particular transfer motion, even if the convenience of the parties and witnesses might call for a different result." *Regents of the Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997).  Here, Profectus's infringement claims against GiiNii and the other fifteen defendants are identical.  If the Court were to grant GiiNii's motion, it would need to adjudicate those allegations against the remaining defendants while the Northern District of California adjudicated identical allegations

against GiiNii.   In effect, severing and transferring Profectus's claims against GiiNii would create six lawsuits, pending in two different district courts, involving the same patent.   This would create significant inefficiencies requiring duplicative *Markman* and discovery proceedings and creating the risk of inconsistent claim constructions and ultimate verdicts.   *See, e.g., Centre One v. Vonage Holdings Corp.*, No. 6:08CV467, 2010 U.S. Dist. LEXIS 84258, at *18 (E.D. Tex. Aug. 17, 2010) ("Particularly, the existence of duplicative suits involving the same or similar issues may create practical difficulties that will weigh heavily in favor or against transfer.") (citation omitted).   And as the Federal Circuit has recognized, the existence of co-pending litigation weighs against transfer.   *See, e.g., In re Morgan Stanley*, 417 F. App'x 947, 949-50 (Fed. Cir. 2011) ("[A]ll three related cases will be decided by the same court upon transfer. Thus, granting transfer will not require multiple courts to simultaneously decide the same or similar issues.").   Thus, regardless of the other private factors, considerations of judicial economy necessitate that Profectus's claims against GiiNii be heard in this Court.

Overall, the private interest factors do not favor transfer.

> **b.    The public interest factors do not favor transfer.**

The administrative concerns resulting from court congestion weigh against transfer. This factor is the most speculative and cannot alone outweigh other factors.   But this district has treated time-to-trial differences as meaningful and weighing against transfer.   GiiNii offers no evidence to support its contention that this case will "be resolved more quickly" in California (D.I. 112 at 15).   This factor weights against transfer.


Local interests in deciding this dispute are neutral.   GiiNii argues that this district has only an attenuated interest in this case by virtue of a "very small number of customers in this

District" (D.I. 112 at 15).  GiiNii baldy asserts "the vast majority of witnesses and evidence regarding the accused products are located in . . . [the Northern District of California]," and then argues that only California has a localized interest (*Id.*).  This statement clearly does not satisfy the specificity required in the Eastern District of Texas to support a motion to transfer venue. This factor is neutral.

The remaining two factors are neutral.  Profectus agrees with GiiNii that the remaining two factors regarding conflict of laws and familiarity with the law are neutral.

On balance, then, the private interest factors weigh against transfer and the public interest factors weigh slightly against transfer.  Thus, GiiNii has not shown that transfer is clearly more convenient and its motion should be denied.

## III.   CONCLUSION

For the foregoing reasons, Profectus requests that the Court deny GiiNii's motion to sever and transfer in its entirety.  In the alternative, if the Court grants GiiNii's motion to sever, Profectus requests that the Court deny GiiNii's motion to transfer this case to the Northern District of California.

Dated:  April 19, 2012.                    Respectfully submitted,


                                           /s/ *Steven E. Ross*
                                           Steven E. Ross
                                           Lead Attorney
                                           Texas State Bar No. 17305500
                                           sross@rossipg.com
                                           **ROSS IP GROUP PLLC**
                                           1700 Pacific Ave., Suite 3750
                                           Dallas, Texas 75201
                                           Phone: 972-661-9400
                                           Facsimile: 972-661-9401

                                           **ATTORNEYS FOR PLAINTIFF
                                           PROFECTUS TECHNOLOGY LLC**


## CERTIFICATE OF SERVICE

        The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system pursuant to Federal Rule of Civil Procedure 5 and Local Rule CV-5(a)(3) on April 19, 2012.  The undersigned also certifies that a copy of this document is being served via First Class U.S. Mail, postage prepaid, upon the following on April 19, 2012:

        Flat Computing, LLC
        c/o Alan W. Goldsberry
        12407 Brushy Hollow
        Austin, TX 78750.


                                           /s/ *Steven E. Ross*
                                           Steven E. Ross